UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK D. SALAMONE,

                              Plaintiff,                    21-cv-4528 (JGK)

          - against -                                       MEMORANDUM OPINION
                                                            AND ORDER
UNITED STATES OF AMERICA ET AL.,

                              Defendants.

---

JOHN G. KOELTL, District Judge:

The plaintiff, Frank D. Salamone, brought this case against the United States of America and four Customs and Border Protection ("CBP") officers — Thomas Robertson, Lionel Benjamin, Anthony Duboise, and Dominick Vitale — as well as twelve John Does. The plaintiff's claims arise out of his detention at the Manhattan Passenger Ship Terminal (the "Terminal") on his return from a cruise to the Bahamas. The defendants now move to dismiss the Amended Complaint or for summary judgment dismissing all of the plaintiff's claims. For the following reasons, the defendants' motion to dismiss is **granted**, and the defendants' motion for summary judgment is **denied** as moot.

## I.

The following facts are taken from the plaintiff's Amended Complaint, ECF No. 20, as well as his arrest warrants, which are public records and incorporated by reference into the Amended Complaint. See, e.g., Bryant v. Rourke, No. 15-cv-5564, 2017 WL 1318545, at *3 (E.D.N.Y. Feb. 8, 2017), report and

recommendation adopted, 2017 WL 1317009 (E.D.N.Y. Mar. 17, 2017).

In 2010, two warrants were issued for the plaintiff's arrest: one for aggravated harassment in the second degree, and one for criminal mischief in the third degree. Hillgardner Decl. Exs. 1, 2, ECF Nos. 37-2, 37-3. The warrants were signed by a City Judge in Yonkers, New York. Id. The warrants were not endorsed by a Judge of the Criminal Court of the City of New York sitting in the County of New York. Id.; Am. Compl. ¶ 34. In 2014, the statute underlying the aggravated harassment warrant was held unconstitutional as void for vagueness. Id. ¶ 32; People v. Golb, 15 N.E.3d 805, 813 (N.Y. 2014). The plaintiff claims that this rendered the warrant void. Id. ¶ 34.

On May 11, 2018, the plaintiff embarked on a cruise from Manhattan to the Bahamas. Id. ¶ 11. On May 19, 2018, the plaintiff returned from the cruise to the Terminal. Id. ¶ 12. While the plaintiff was in his cabin preparing to disembark, one of the defendant CBP officers knocked on his door. Id. ¶ 13. The plaintiff's companion opened the door, and one of the officers asked the plaintiff's companion to ask the plaintiff to step out of the room. Id. ¶¶ 14-15. The plaintiff complied. Id. ¶ 17. One of the officers asked the plaintiff if he was Frank D. Salamone. Id. ¶ 18.

When the plaintiff confirmed that he was, the defendants informed the plaintiff that they had a warrant for his arrest and ordered the plaintiff to turn around and put his hands behind his back. Id. ¶¶ 18-19. The plaintiff complied, and an unknown individual in a law enforcement uniform handcuffed the plaintiff. Id. ¶ 20. The defendant CBP officers escorted the plaintiff off the ship and took him to an office in the Terminal, where he was detained against his will for about two hours. Id. ¶¶ 20, 23. At some point during this time, the plaintiff was searched. Id. ¶ 21.

The defendant CBP officers did not tell the plaintiff what the criminal charges underlying the warrant were, despite his inquiries. Id. ¶ 22. The plaintiff alleges that his arrest was based on the warrants issued in 2010. See id. ¶ 34. The plaintiff does not allege that the defendant CBP officers knew that either warrant was void. The plaintiff alleges that the defendant CBP officers had not received a request or permission to arrest the plaintiff, and that they were not deputized to do so. Id. ¶¶ 25, 36.

Eventually, two New York City police officers arrived and escorted the plaintiff to the police station, where he was detained for over an hour. Id. ¶¶ 26-27. Two Yonkers police officers then arrived and escorted the plaintiff to the Yonkers City Jail. Id. ¶¶ 29-30. The plaintiff remained in the Yonkers

3

City Jail until May 21, 2018, when he was brought to the Yonkers City Court and arraigned on charges of criminal mischief in the third degree and aggravated harassment in the second degree allegedly committed in 2010. Id. ¶¶ 30-32. The plaintiff was then released, and the charges and warrants were later dismissed. Id. ¶¶ 33, 35. The plaintiff alleges that he presented his claim for money damages to CBP, and that six months later, CBP had not responded to his claims. Id. ¶¶ 37-38.

## II.

### A.

Based on these allegations, the plaintiff brings claims for false arrest, negligent hiring, and negligent training pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"). The FTCA provides a limited waiver of sovereign immunity for claims arising out of:

> the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).[1] As the defendants point out without objection, only the United States is a proper party under the FTCA. See id.; F.D.I.C. v. Meyer, 510 U.S. 471, 475-77 (1994); Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007). For

---

[1] Unless otherwise specified, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

this reason, and because the plaintiff does not appear to allege these claims against the individual defendants in any event, the Court construes these claims as being alleged only against the United States. The plaintiff also brings a Bivens claim against individual defendants Robertson, Benjamin, Duboise, and Vitale. The plaintiff does not bring claims against the New York City or Yonkers police officers, and his claims are therefore based only on the period of his detention by the CBP officers. Because the John Doe defendants are not named as defendants in the Bivens claim, the plaintiff also does not bring any claims against the John Doe defendants.

The defendants move to dismiss the Bivens claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The defendants also move to dismiss the false arrest FTCA claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and move to dismiss the negligent training and supervision FTCA claims for lack of subject matter jurisdiction under Rule 12(b)(1).

The Supreme Court indicated in Brownback v. King, 141 S. Ct. 740 (2021), that because the doctrine of sovereign immunity is jurisdictional in nature, "in the unique context of the FTCA," id. at 749, where sovereign immunity is waived only to the extent "a private person[] would be liable," 28 U.S.C. § 1346(b)(1), "all elements of a meritorious claim are also

5

jurisdictional. . . . That means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." Brownback, 141 S. Ct. at 749. If a claim "fail[s] to survive a Rule 12(b)(6) motion to dismiss, the United States necessarily retain[s] sovereign immunity, also depriving the court of subject-matter jurisdiction." Id.

Accordingly, if the FTCA claims fail to state a claim upon which relief can be granted under Rule 12(b)(6), the Court lacks subject matter jurisdiction over the claims and will dismiss them pursuant Rule 12(b)(1). The standard for a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is well established. The allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider documents incorporated by reference into the complaint and public records such as arrest warrants. See, e.g., Bryant, 2017 WL 1318545, at *3.

This standard is also applicable to the Bivens claim, which, because it is brought against the individual defendants, does not implicate the sovereign immunity of the United States,

and does not implicate the subject matter jurisdiction of the
Court.

**B.**

The plaintiff brings a claim for false arrest against the
United States under the FTCA. The applicable law under the FTCA
is the "the law of the place where the act or omission
occurred," 28 U.S.C. § 1346(b)(1) — in this case, New York. The
requirements of a false arrest claim under New York law are, in
any event, "substantially the same" as those under federal law.
Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991); Sanchez v. Port
Auth. of N.Y. & N.J., No. 08-cv-1028, 2012 WL 1068078, at *4
(E.D.N.Y. Mar. 29, 2012). Under New York law, as under federal
law, a claim for false arrest exists where "(1) the defendant
intended to confine the plaintiff, (2) the plaintiff was
conscious of the confinement, (3) the plaintiff did not consent
to the confinement and (4) the confinement was not otherwise
privileged." Liranzo v. United States, 690 F.3d 78, 95 (2d Cir.
2012); Sanchez, 2012 WL 1068078, at *4. The defendants do not
dispute that the plaintiff has pleaded the first three
requirements. See Am. Compl. ¶¶ 42-44. The defendants argue,
however, that the confinement was privileged.

The existence of probable cause to arrest constitutes
justification and is a complete defense to a charge of false
arrest under federal and New York state law. Weyant v. Okst, 101

7

F.3d 845, 952 (2d Cir. 1996). "Probable cause existed if at the moment the arrest was made the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had violated the law." Zellner v. Summerlin, 494 F.3d 344, 370 (2d Cir. 2007). "An arrest authorized by a judicial warrant is generally presumed to be supported by probable cause." Mara v. Rilling, 921 F.3d 48, 73 (2d Cir. 2019). In this case, the plaintiff was arrested pursuant to two warrants, but argues that his detention was nonetheless not privileged for three reasons. None of these arguments has merit.

1.

First, the plaintiff argues that the arrest was not privileged because one of the warrants pursuant to which he was arrested was invalid. The plaintiff was arrested pursuant to two warrants: one for aggravated harassment in the second degree, and one for criminal mischief in the third degree. The plaintiff claims that in 2014, the statute underlying the aggravated harassment warrant was held unconstitutional as void for vagueness, and that the warrant was therefore void and could not support the defendants' claim of privilege.

However, the defendants' claim of privilege in this case is based on probable cause, and in the context of "a claim for

false arrest[,] . . . it is not relevant whether probable cause
existed with respect to each individual charge." Jaegly v.
Couch, 439 F.3d 149, 154 (2d Cir. 2006). Rather, the "focus [is]
on the validity of the arrest," such that if there is one valid
basis for probable cause, the existence of another, invalid
basis for arrest does not support a claim for false arrest. See
id. Because the plaintiff does not dispute the validity of the
criminal mischief warrant, the invalidity of the aggravated
harassment warrant does not affect the existence of probable
cause and does not defeat the defendants' claim of privilege.

**2.**

Second, the plaintiff argues that the arrest was not
privileged because the warrants pursuant to which he was
arrested were not endorsed by a Judge of the Criminal Court of
the City of New York sitting in the County of New York as
required by the New York Criminal Procedure Law. However, the
warrants were signed by a City Judge of Yonkers. The defendants'
claim of privilege in this case is based on probable cause and
the warrants were signed by a judge. The absence of an
additional signature does not undercut "a prudent man['s] . . .
belie[f] that the [plaintiff] had violated the law." See
Zellner, 494 F.3d at 370. And indeed, several courts have held
in the context of a false arrest claim that failing to meet this
procedural requirement does not defeat probable cause. See,

e.g., Mitchell v. Siersma, No. 14-cv-6069, 2018 WL 4566878, at
*3 (W.D.N.Y. Sept. 24, 2018); Youngblood v. City of Mount
Vernon, No. 14-cv-10288, 2017 WL 7804731, at *6 (S.D.N.Y. Dec.
29, 2017), report and recommendation adopted, 2018 WL 1114760
(S.D.N.Y. Feb. 26, 2018). Accordingly, the absence of such an
endorsement does not defeat the defendants' claim of privilege
in this case, and this argument is also without merit.

**3.**

Third, the plaintiff argues that the arrest was not
privileged because the CBP officers were not deputized to make
arrests pursuant to state criminal arrest warrants. But the
plaintiff cites no source for the proposition that any such
requirement exists, and contrary to his contention, CBP officers
do have that authority. 19 U.S.C. § 1582 provides that "all
persons coming into the United States from foreign countries
shall be liable to detention and search by authorized officers
or agents," which includes CBP officers. See Tabbaa v. Chertoff,
509 F.3d 89, 97 (2d Cir. 2007). The plaintiff argues that this
authority to "detain" does not confer on the defendants the
authority to "arrest," and that the plaintiff was arrested,
rather than merely detained. But an arrest is plainly a type of
detention, and the Court of Appeals for the Second Circuit has
found detentions of up to six hours to be "entirely consistent
with the CBP's statutory mandate." See id. at 95, 97. The

plaintiff's substantially shorter two-hour detention, whether characterized as an arrest or merely a detention, was therefore likewise within the CBP's authority to "detain."

Moreover, the absence of deputation would not affect the officers' belief that the plaintiff had committed a crime, and thereby the existence of probable cause. See Zellner, 494 F.3d at 370. And indeed, CBP officers who detain a person with probable cause that the person committed a state crime are not liable for false arrest. See, e.g., Sanchez, 2012 WL 1068078, at *1, *4-7. Accordingly, the absence of deputation does not defeat the defendants' claim of privilege in this case, and this argument is also without merit.

For these reasons, the plaintiff's detention was supported by probable cause, his arrest was privileged, and he has not stated a claim for false arrest.

### c.

The plaintiff also brings claims for negligent training and negligent supervision against the Government under the FTCA. However, New York law precludes a claim for negligent training or negligent supervision against an employer for acts taken within the scope of the employee's employment. See, e.g., Velez v. City of New York, 730 F.3d 128, 136-37 (2d Cir. 2013); Hamilton v. City of New York, No. 15-cv-4574, 2019 WL 1452013, at *31 (E.D.N.Y. Mar. 19, 2019). This principle bars negligent

training and supervision claims brought pursuant to the FTCA
because New York state law does not recognize such claims. See,
e.g., Ben v. United States, 160 F. Supp. 3d 460, 476 (N.D.N.Y.
2016); Lassic v. United States, No. 14-cv-9959, 2015 WL 5472946,
at *4 (S.D.N.Y. Sept. 16, 2015), aff'd, 668 F. App'x 395 (2d
Cir. 2016). The plaintiff specifically alleges in the Amended
Complaint that the individual defendants acted within the scope
of their employment.

The plaintiff does not dispute that his negligent training
and supervision claims are precluded if the individual
defendants acted within the scope of their employment. The
plaintiff's only arguments against application of this principle
are that his scope-of-employment allegation was pleaded in the
alternative, and that the United States has not acknowledged
that the individuals were acting within the scope of their
employment. In the reply brief, the defendants expressly
conceded that the individual defendants were acting within the
scope of their employment. Because the parties agree that the
individual defendants were acting within the scope of their
employment, and New York state law does not recognize such
claims against an employer when the employee was acting in the
scope of employment, the FTCA claims for negligent training and
supervision must be dismissed. See Lassic, 2015 WL 5472946, at
*4.

For these reasons, the plaintiff has not stated a claim for negligent training or negligent supervision. Because the plaintiff has failed to state a claim for false arrest, negligent training, or negligent supervision, the plaintiff has not alleged that the United States has waived its sovereign immunity pursuant to the FTCA with respect to these claims, and those claims are therefore **dismissed** for lack of subject matter jurisdiction.

### D.

The plaintiff also brings claims against CBP Officers Robertson, Benjamin, Duboise, and Vitale under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which the Supreme Court authorized a damages action against federal officers for certain claims. See id. at 397. But the plaintiff's Bivens claims are squarely foreclosed by the Supreme Court's recent decision in Egbert v. Boule, 142 S. Ct. 1793 (2022).

In Egbert, the Court considered the Fourth Amendment claim under Bivens brought by the keeper of an inn in Washington state, a few yards from the Canadian border. Id. at 1800, 1802. The inn was known to be a smuggling hub, and the defendant Border Patrol agent had suspicions about a guest of the inn. Id. at 1800-01. The Border Patrol agent allegedly used excessive force against the innkeeper in violation of the Fourth

Amendment. Id. The Court denied the innkeeper's claim, holding
that "a Bivens cause of action may not lie where, as here,
national security is at issue. . . . [W]e ask here whether a
court is competent to authorize a damages action not just
against Agent Egbert but against Border Patrol agents generally.
The answer, plainly, is no." Id. at 1805-06. The Court's opinion
therefore makes clear that a Bivens action is not available
against a CBP officer acting within the scope of the officer's
duties at the border. See Gilson v. Alvarez, No. 21-cv-110, 2022
WL 2373866, at *6 (W.D. Tex. June 30, 2022) (concluding that
"courts are not competent to authorize a damages action against
Border Patrol agents without affirmative action by Congress").
Because the plaintiff's Bivens claims are brought against four
CBP officers who allegedly detained a suspect at a port of entry
into the United States, it is foreclosed by Egbert. The
defendants' motion to dismiss the plaintiff's Bivens claim for
failure to state a claim is therefore **granted**.

### E.

Because the Court has dismissed all of the plaintiff's
claims, the defendants' motion for summary judgment is **denied** as
moot. See, e.g., Rahman v. U.S. Dep't of Homeland Sec., No. 20-
cv-4052, 2022 WL 889005, at *7 (E.D.N.Y. Mar. 24, 2022).

### Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss the FTCA claims is **granted.** Those claims are dismissed without prejudice for lack of subject matter jurisdiction. The defendants' motion to dismiss the <u>Bivens</u> claim with prejudice is **granted.** The defendants' motion for summary judgment is **denied** without prejudice as moot. The Clerk is directed to enter judgment and to close this case. The Clerk is also directed to close all pending motions.

SO ORDERED.
Dated:     New York, New York
           August 1, 2022

                                    John G. Koeltl
                            United States District Judge

15